UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| vs. | ) | Cause No. 3:15-cr-50-RLM |
| | ) | |
| SCHUYLER STANTON | ) | |

OPINION and ORDER

Defendant Schuyler Stanton pleaded guilty to possession with intent to distribute cocaine, after law enforcement officers made controlled buys of several types of drugs from him and then found more drugs in his house. Mr. Stanton's presentence report estimated that he was responsible for an amount of drugs equivalent to 757.47 kilograms of marijuana, resulting in a base offense level of 28. Unbeknownst to the probation department, the government, Mr. Stanton, or the court at the time, that total drug amount was wrong; the probation office had transposed a number while adding up the numerous small quantities of drugs attributed to Mr. Stanton and applying the equivalency formulas, and no one caught the error. After various enhancements and reductions, Mr. Stanton's final offense level was 25 and his guideline range was 63 to 78 months imprisonment. The court imposed a slightly below-guideline sentence of 60 months.

Shortly thereafter, Mr. Stanton's then-girlfriend and co-defendant Calie Echevarria was sentenced for the same crime in a separate proceeding. Mr. Stanton and Ms. Echevarria were responsible for the same drugs, but Ms. Echevarria's PSR correctly applied the equivalency formulas and held her

accountable for 190 kilograms of marijuana – far less than Mr. Stanton's total of 757.47 kilograms. At this point, the probation apartment and attorneys realized the mistake and the government now asks the court to correct the error and reduce Mr. Stanton's sentence.

Had the correct drug amount of 190 kilograms been applied, Mr. Stanton's base offense level would be 24 rather than 28 and his final offense level would be 21 rather than 25. Combined with Mr. Stanton's criminal history category of II, an offense level of 25 suggests a guideline range of 41-51 months. Because the court sentenced Mr. Stanton to 95% of the lower end of the guideline range when imposing his original sentence, the government requests the same slight departure below the lower end of the corrected range for a total of 39 months.

The government suggests that the court reduce Mr. Stanton's sentence under Federal Rule of Criminal Procedure 35, but Rule 35 isn't applicable; it only permits a court to correct or reduce a clear sentencing error within 14 days after sentencing, and Mr. Stanton was sentenced six months ago. The government acknowledges Rule 35's time limits, but says "the parties waive that rule." The government cites no authority suggesting that the time limit can be waived by agreement of the parties. Rule 35 is a narrow exception to the general proposition in 18 U.S.C. § 3582(c) that a court "may not modify a term of imprisonment once it has been imposed." Rule 45(b)(2) expressly forbids what the government proposes, stating that a court "may not extend the time to take any action under Rules 29, 33, 34, and 35, except as stated in those rules." Nothing in Rule 35

permits a court to take action beyond the seven-day period for correcting a sentence. *See* United States v. Baldwin, 414 F.3d 791, 797 (7th Cir. 2005) *overruled on other grounds by* United States v. Parker, 508 F.3d 434 (7th Cir. 2007) ("There is no provision in Rule 35 for an extension of the seven-day period for correcting a sentence."); *see also* Carlisle v. United States, 517 U.S. 416, 428 (1996) (holding that district court erred in taking action after the 7-day filing limit applicable to Rule 29 had expired, and noting that district courts have no "inherent power" to act in contravention of applicable rules of procedure).

Neither does Rule 36 provide authority for the court to make the requested modification. Under Rule 36, the court may at any time correct a clerical error or an error in the record arising from oversight or omission. While Mr. Stanton's sentence was based on an erroneous drug quantity, the court can't reduce his sentence because it was the information in the PSR – not the sentence itself – that contained the clerical error. "A district judge may still correct a final judgment in a criminal case to reflect the sentence he actually imposed but he cannot change the sentence he did impose even if the sentence was erroneous." United States v. Eskridge, 445 F.3d 930, 934 (7th Cir. 2006). Reliance on Rule 36 to correct Mr. Stanton's sentence is unambiguously foreclosed by the court of appeals' decision in United States v. Johnson, 571 F.3d 716 (7th Cir. 2009). Johnson was a very similar case, in which a defendant claimed he was sentenced based on an incorrectly high drug quantity due to a mathematical error in the PSR. The court of appeals held that such an argument must be made via a

collateral attack on the sentence rather than through Rule 36, because Rule 36 "is limited to errors that are clerical in nature, typically where the written sentence differs from the oral pronouncement of the sentence, not judicial mistakes." Id. at 718 (7th Cir. 2009).

The court is in sympathy with Mr. Stanton, who by no fault of his own received a longer sentence than he should have. But the court's authority to change a defendant's sentence once imposed is limited, and no statute or rule of procedure permits modification in this case. *See* United States v. Smith, 438 F.3d 796, 800 (7th Cir. 2006) (noting that "district judges cannot grant themselves authority that has been withdrawn by the legislature; the point of § 3582(c) is to block post-sentencing modifications that district judges *want* to make") (emphasis in original).

For these reasons, the court DENIES the government's unopposed motion to amend or correct judgment (Doc. No. 27).

SO ORDERED.

ENTERED: May 26, 2016

/s/ Robert L. Miller, Jr.
Judge
United States District Court