UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SCHUYLER STANTON,	)
	)
	*Petitioner,*	)
	)	Cause No. 3:16-cv-747 RLM
	v.	)	(Arising out of 3:15-cr-50 RLM)
	)
UNITED STATES OF AMERICA,	)
	)
	*Respondent.*	)

OPINION AND ORDER

Schuyler Stanton asks that the court vacate or correct his sentence after the parties discovered a factual error in his pre-sentence report that resulted in an incorrect calculation of his guideline sentence range. The government doesn't oppose Mr. Stanton's motion and the court grants it.

I. BACKGROUND

Mr. Stanton pleaded guilty to one count of possessing with intent to distribute cocaine. 21 U.S.C. § 841(a)(1). The pre-sentence investigation report explained that law enforcement seized 757.47 kilograms of marijuana from the residence from which Mr. Stanton sold drugs. This amount of marijuana moved Mr. Stanton to a base offense level of 28. U.S.S.G. § 2D1.1(c)(6). After a two-level increase for possession of firearms, § 2D1.1(b)(1), and a three-level of reduction for acceptance of responsibility, § 3E1.1, Mr. Stanton's offense level was 27. With his criminal history, the Guidelines recommended a sentence between 63 and 78 months imprisonment. Both parties recommended a sentence of 60 months

and the court sentenced Mr. Stanton to 60 months followed by three years supervised release.

Mr. Stanton's then-girlfriend and co-defendant was sentenced for the same crime in a separate proceeding. In preparing for that sentencing, the government realized that there had been a mistake in Mr. Stanton's pre-sentence investigation report. The amount of marijuana seized was actually 190 kilograms, not 757.47 kilograms. If corrected in time for Mr. Stanton's sentencing, his base offense level would have been four levels lower. By the time the error was discovered, the deadline for Mr. Stanton to appeal had passed.

The government then moved to correct Mr. Stanton's sentence pursuant to Rule 35. The court denied its motion because Rule 35 allows the court to correct a sentence that resulted from clear error only within 14 days of sentencing, which had already elapsed. Fed. R. Crim. P. 35(a). Rule 36 also didn't provide Mr. Stanton with a remedy, because his sentence was based on a clerical error contained in the PSR, not the sentence itself. The only way for Mr. Stanton to have his sentence corrected would be through collateral attack. Mr. Stanton filed a motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255.

II. DISCUSSION

One convicted of a federal crime can challenge his sentence on grounds that the sentence violates the Constitution or laws of the United States, was imposed without jurisdiction, exceeds the statutory maximum, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). An evidentiary hearing isn't

required if "the motion and files and records of the case conclusively show that the petitioner is entitled to no relief." 28 U.S.C. § 2255(b). After reviewing Mr. Stanton's petition and the record of this case, the court concludes that the factual and legal issues raised can be resolved on the record in Mr. Stanton's favor, so a hearing is unnecessary. *See* Menzer v. United States, 200 F.3d 1000, 1006 (7th Cir. 2000).

Generally, issues not argued and decided on direct appeal can't be raised in a § 2255 petition unless the petitioner can show good cause and actual prejudice for the procedural default. United States v. Frady, 456 U.S. 152, 167 (1982); Galbraith v. United States, 313 F.3d 1001, 1006 (7th Cir. 2002). But the government supports Mr. Stanton's petition and doesn't raise this defense, so it's waived. United States v. Rezin, 322 F.3d 443, 446 (7th Cir. 2003).

Mr. Stanton's § 2255 petition can move forward based on the discovery of a fact counter to that on which the court relied in sentencing him: the amount of drugs seized. 28 U.S.C. § 2255(f)(4). Generally, a fact-based challenge to a sentence requires that it be filed within a year of when the facts "supporting the claim . . . presented could have been discovered through the exercise of due diligence." *Id.* Limitations periods are affirmative defenses. To the extent this or any other limitations period could apply to Mr. Stanton's claim, the government waived them when it decided to support Mr. Stanton's motion. *See* Day v. McDonough, 547 U.S. 198 (2006); Grigsby v. Cotton, 456 F.3d 727, 731 (7th Cir. 2006).

"[N]ot every error is corrigible in a postconviction proceeding, even if the error was not harmless." Hawkins v. United States, 706 F.3d 820, 823 (7th Cir. 2013). For this reason, mistakes in guideline interpretation are not typically correctable on collateral review. *Id.* An example is if "the probation service in recommending a sentence to a district judge makes a mistake in applying the (advisory) guideline that the judge doesn't catch." *Id.* But this isn't an example of the probation service feeding an *incorrect guideline* to the judge based on facts that are correct. It's an example of the probation service inadvertently feeding an *incorrect fact* to counsel and the judge, which resulted in an improper guideline. The court sentenced Mr. Stanton based on misinformation of how much marijuana had been seized, not because the probation service or lawyers misconstrued the guideline that would have applied had that quantity been correct the first time. The situation is analogous to a guideline enhancement imposed based on the "fact" of a prior conviction that is vacated after final judgment. *See* Johnson v. United States, 544 U.S. 295 (2005). These errors can and should be corrected through § 2255.

Mr. Stanton argued this motion without counsel and so the court construes it liberally. *See* Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012). Even though Mr. Stanton argued his case as one of miscarriage of justice or, alternatively, ineffective assistance of counsel, the discovery of a fact provides a clearer avenue for relief. The court will take that route instead.

III. CONCLUSION

Based on the foregoing, the court:

(1) GRANTS Mr. Stanton's motion to vacate or correct his sentence [Doc. No. 29];

(2) DIRECTS the Clerk to vacate Mr. Stanton's sentencing [Doc. Nos. 22, 23], with resentencing to be scheduled by future order;

(3) APPOINTS the Federal Community Defenders to represent Mr. Stanton in his resentencing, 18 U.S.C. § 3006A(a);

(4) DIRECTS the Probation Department to prepare a revised pre-sentence investigation report; and

(5) DENIES as moot Mr. Stanton's motion requesting counsel for the motion to vacate [Doc. No. 33].

SO ORDERED.

ENTERED:  March 30, 2017

    /s/ Robert L. Miller, Jr.
Judge
United States District Court

Cc: Schuyler Stanton